UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHARLOTTE E. NICHOLAS,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, INC.,
d/b/a CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, CHARLOTTE E. NICHOLAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, SYNDICATED OFFICE SYSTEMS, INC., d/b/a CENTRAL FINANCIAL CONTROL, is a corporation and citizen of the State of Texas with its principal place of business at Suite 100, 13737 Noel Road, Dallas, Texas 75240.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## **FACTUAL ALLEGATIONS**

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for Plaintiff's medical care.

10. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

March 4, 2008 – Pre-Recorded Message
This message requesting a return call is from Central Financial Control. Please call our office today at 1-800-345-4261 as soon as possible. Our first available representative will speak with you. Thank you.

June 11, 2008 – Pre-Recorded Message

Please return this phone call today from Central Financial Control at 1-800-345-4261 as soon as possible. Our first available representative will speak with you.

March 6, 2009 – Pre-Recorded Message
This is a message from Central Financial Control. Please call us at 1-800-345-4261 so that we can speak with you regarding this personal business matter. Thank you.

April 23, 2009 – Pre-Recorded Message
This is a message from Central Financial Control, please call us at 1-800-345-4261 so that we can speak with you regarding this personal business matter. Thank You.

May 14, 2009 – Pre-Recorded Message
I have a message from Central Financial Control for Charlotte Nicholas regarding a personal business matter. Please call 800-345-4261 between the hours of 8:00 AM and 5:00 PM Monday through Friday. Once again, the number to call is 800-345-4261. Thank you.

July 28, 2009 – Pre-Recorded Message
I have a message from Central Financial Control for Charlotte Nicholas regarding a personal business matter. Please call 800-345-4261 between the hours of 8:00 AM and 5:00 PM Monday through Friday. Once again, the number to call is 800-345-4261. Thank you.

October 16, 2009 – Pre-Recorded Message
This is a message for Charlotte Nicholas. If you are not Charlotte Nicholas, please hang up or disconnect. If you are Charlotte Nicholas, please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge you are Charlotte Nicholas. Charlotte Nicholas, you should not listen to this message so that other people can hear it, as it contains personal and private information. There will now be a 3 second pause in this message to allow you to listen to this message in private. This is a message from Central Financial Control. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us about a business matter at 800-345-4261. Thank you.

<u>Between December 23, 2009 and January 25, 2010 – Pre-Recorded Message</u>
This is a message for Charlotte Nicholas. If you are not Charlotte Nicholas, please hang up or disconnect. If you are Charlotte Nicholas, please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge you are Charlotte Nicholas. You should not listen to this message so that other people can hear it, as it contains personal and private information. There will now be a 3 second pause in this message to allow you to listen to this message in private. This is a message from Central Financial Control. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us about a business matter at 800-345-4261. Thank you.

<u>April 27, 2010 – Pre-Recorded Message</u>
This is a message for Charlotte Nicholas. If you are not Charlotte Nicholas, please hang up or disconnect. If you are Charlotte Nicholas, please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge you are Charlotte Nicholas. You should not listen to this message so that other people can hear it, as it contains personal and private information. There will now be a 3 second pause in this message to allow you to listen to this message in private. This is a message from Central Financial Control. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us about a business matter at 800-345-4261. Thank you.

11.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

14. Defendant knew it was required to communicate its status as a debt collector and the purpose of its call in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15. Plaintiff incorporates Paragraphs 1 through 14.

16. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17. Plaintiff incorporates Paragraphs 1 through 14.

18.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.,</u> 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

19.     Plaintiff incorporates Paragraphs 1 through 14.

20.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See <u>Sanchez v. Client Servs</u>., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

21.    Plaintiff incorporates Paragraphs 1 through 14.

22.    Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23. Plaintiff incorporates Paragraphs 1 through 14.

24. By failing to disclose that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d. permanently injoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>donyarbrough@mindspring.com
>
>By: s/ Donald A. Yarbrough

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

9